**NATIONAL ASSOCIATION OF INTERNAL REVENUE EMPLOYEES, Appellant,**

v.

**Douglas DILLON, Secretary of the Treasury, Appellee.**

**No. 19309.**

United States Court of Appeals District of Columbia Circuit.

Argued Nov. 2, 1965.

Decided Jan. 27, 1966.

Mr. Glenn R. Graves, Washington, D. C., for appellant.

Mr. Jerome Nelson, Asst. U. S. Atty., with whom Mr. David C. Acheson, U. S. Atty. at time brief was filed, Mr. Frank Q. Nebeker and Mrs. Ellen Lee Park, Asst. U. S. Attys., were on the brief, for appellee. Mr. John C. Conliff, Jr., U. S. Atty. at time brief was filed, also entered an appearance for appellee.

Before WILBUR K. MILLER, Senior Circuit Judge, and DANAHER and McGOWAN, Circuit Judges.

PER CURIAM:

This appeal involves another attack upon the implementation by a Cabinet member of Executive Order 10988, which was described and considered by us at length in Manhattan-Bronx Postal Union v. Gronouski, 121 U.S.App.D.C. 2, 350 F.2d 451 (1965), cert. denied, Manhattan-Bronx Postal Union v. O'Brien, 86 S.Ct. 548 (1966). In that case we held that the District Court lacked jurisdiction over a complaint that the Post-master General was acting improperly in requiring a 60 percent participation of eligible voters in exclusive bargaining representative elections. In this case the complaint sought declaratory and injunctive relief against the Secretary of the Treasury for having excluded criminal investigators in the Internal Revenue Service from voting in a similar election. This exclusion was pursuant to departmental regulations which exempted from the operation of the Executive Order the "Intelligence Division" of the Internal Revenue Service. The criminal investigators are agents employed in this Division.

The regulations in question are founded upon Section 16 of the Executive Order, which reads in pertinent part as follows:

"This order (except section 14) shall not apply to the Federal Bureau of Investigation, the Central Intelligence Agency, or any other agency, or to any office, bureau or entity within an agency, primarily performing intelligence, investigative, or security functions if the head of the agency determines that the provisions of this order cannot be applied in a manner consistent with national security requirements and considerations. * * * "

The complaint, without challenging the broad authority so granted by the President to department heads to exclude employees performing intelligence or investigative functions, alleges that Internal Revenue Service investigators ought not to be regarded as within the class made eligible for exemption in the discretion of the employing authority. But, as we said in Manhattan-Bronx, if the Secretary of the Treasury is incorrectly interpreting the President's federal personnel policies as manifested in Executive Order 10988, correction of that error, if such it be, must be sought in a quarter other than the District Court.

The order of dismissal of the District Court is

Affirmed.